IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

    Respondent,

V.                                        CRIMINAL NO. 3:04-00031-01
                                            (CIVIL ACTION NO. 3:05-0964)

SANDRA KAY CABELL,

    Movant.

## FINDINGS AND RECOMMENDATION

In April of 2004, following consummation of a plea agreement, Sandra Kay Cabell entered a plea of guilty to an information in which she was charged with aiding and abetting a bank robbery committed by "force, violence and intimidation," in violation of 18 U.S.C. §§2113(a) and 2. On July 26, 2004, she was sentenced to a term of imprisonment of thirty-seven months to be followed by three years supervised release. Her sentence was affirmed on appeal. United States v. Cabell, No. 04-4622, 118 Fed.Appx. 725 (4th Cir. Dec. 22, 2004). Thereafter, on December 7, 2005, Cabell filed a petition for writ of habeas corpus, which has been treated as a motion under the provisions of 28 U.S.C. §2255, in which she alleges the occurrence of irregularities during the course of proceedings in the district court. Cabell has filed additional material in support of her motion, including a reply to the response of the United States, and the matter is ready for decision.

The relevant facts can be briefly summarized. On February 12, 2003, movant drove an acquaintance, Troy Handley, to the Huntington Postal Credit Union in her vehicle, parked the

vehicle somewhere behind the credit union and waited while Handley entered. She knew he intended to commit a robbery, and when he emerged from the credit union pulling "a bunch of money out of his pocket" she drove him away in the car. During the commission of the robbery, Handley told the teller not to move her feet "or do anything stupid, I have a gun," tapping his jacket chest pocket to indicate he had a gun. Later the same day Handley and movant were arrested at her home and $7,600 of the $7,800 taken from the bank was recovered.

Movant's claims are only vaguely expressed in the documents she has filed and are, for the most part, stated in conclusory terms. From a careful reading of her submissions, the Court believes the following constitute her claims.

Movant is obviously contending that counsel representing her was ineffective. Thus, she claims that he "failed to have his client's mental condition evaluated;" however, nothing presented indicates that such an evaluation would have cast doubt on her competency.[1] Asserting that neither she nor Handley "had a weapon, before, during, or after the robbery," she questions whether counsel "provide[d] a capable strategic defense." This assertion ignores her counsel's motion to continue sentencing so that the Supreme Court's decision in <u>Blakely</u> v. <u>Washington</u>, 542 U.S. 296 (2004) could be considered. Ultimately, the recommendation in the presentence report of a two level increase in movant's offense level based on Handley's threats to the teller[2] was not imposed.[3]

---

[1] The officer preparing the presentence report states that movant "indicated she has never been seen by a psychiatrist and described her overall mental and emotional health as good."

[2] USSG §2B3.1(b)(2)(F).

[3] An increase for the possession of a firearm was never recommended.

Movant also appears to assert that her plea was involuntary and that it was coerced by counsel. With respect to this claim, it is noted that the plea colloquy in this case was lengthy and detailed. Movant advised the court, *inter alia*, that she had discussed the case fully with her attorney and that she was satisfied with the legal advice he had given her. She also told the court that she had not been threatened or intimidated or talked into pleading guilty, that she was acting voluntarily and that pleading guilty was her idea. While the record made at a plea proceeding "is not invariably insurmountable," Blackledge v. Allison, 431 U.S. 63, 74 (1977), it is also true that "[s]olemn declarations in open court carry a strong presumption of verity" and that contentions, such as those made here, which, "in the face of the record are wholly incredible" are "subject to summary dismissal." Id. [4] Movant's assertion that she was coerced by counsel and that her plea was involuntary are not only vague and conclusory but are also clearly belied by the record. As such, they provide no basis for questioning either the validity of her plea or counsel's performance.[5] Movant's remaining claims provide no basis for relief. Her assertion that, in sentencing her, the "Judge arbitrarily stepped outside the guidelines" is simply untrue. Her reliance on Apprendi v. New Jersey, 530 U.S. 466 (2000) appears misplaced and nothing presented indicates any violation of the Sixth Amendment's Confrontation Clause.

## RECOMMENDATION

---

[4] "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney General, 956 F.2d 1290, 1299 (4th Cir. 1992).

[5] Applying standards established by the Court in Strickland v. Washington, 466 U.S. 668 (1984), it is clear that counsel's representation did not fall "below an objective standard of reasonableness." Id. at 688.

3

On the basis of the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the relief sought in this §2255 proceeding be denied.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED: June 30, 2006

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE